ROBERT S. BREWER, JR.
United States Attorney
MATTHEW J. SUTTON
Assistant U.S. Attorney
Illinois Bar No.: 6307129
MARIO J. PEIA
Assistant United States Attorney
California Bar No. 307503
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-8941
Email: Matthew.Sutton@usdoj.gov

Attorneys for the United States

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DOUGLAS BOWEN, et. al.<br><br>Defendants. | Case No.: 19-cr-03627-CAB<br><br>**JOINT MOTION TO CONTINUE MOTION HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** |

The parties hereby file a joint motion requesting that the motion hearing in this matter presently scheduled before the Honorable Cathy Ann Bencivengo for October 23, 2020, at 11:00 a.m. be continued to January 29, 2021, at 11:00 a.m. The parties also jointly move to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7) and 18 U.S.C. § 3161(h)(8).

Assistant United States Attorney Matthew J. Sutton contacted each defense counsel who agreed to continue the motion hearing. The ends of justice served by granting the requested continuance outweigh the best interest of the public and the Defendants in a speedy trial, for the following reasons: (1) this case involves five rounds of court-authorized wiretaps of 14 target telephones resulting in tens of thousands of intercepted telephone calls and text messages, dozens of seizures of controlled substances and drug proceeds, numerous

warrants and court orders, as well as extensive surveillance operations; (2) defense counsel are continuing to review the voluminous discovery that has been provided by the United States; and (3) this case involves the possible existence of novel questions of fact or law (including issues related to the drug and money-laundering conspiracies, Title III intercepts, and security concerns related to confidential informants and cooperating defendants).

In addition, on March 17, 2020, the Chief Judge issued Order of the Chief Judge (OCJ) 18, declaring a judicial emergency for a period of 30 days under 18 U.S.C. § 3174 and setting forth Emergency Orders for the Southern District of California due to the COVID-19 public health emergency. That Order was subsequently amended and modified by OCJs 18-A and 22. On April 2, 2020, the Judicial Council of the Ninth Circuit ratified the judicial emergency declared in OCJ 18, and extended it for an additional period of up to one year. The Chief Judge has subsequently extended the Emergency Orders six times with OCJs 24 (April 15, 2020), 27 (May 15, 2020), 30 (June 11, 2020), 33 (July 14, 2020), 34 (August 14, 2020), 40 (September 14, 2020) respectively. Most recently, on October 14, 2020, the Order was extended for another 30 days by the Chief United States District Judge. *See* OCJ 47.

These Orders were imposed and then extended based on (1) the state of emergency declared in response to the spread of the coronavirus (COVID-19), (2) the restrictions on public gatherings recommended by the Centers for Disease Control and Prevention, (3) the lack of a quorum of grand jurors during the period of national emergency, and (4) restrictions on attorney visits imposed at the Metropolitan Correctional Center and other local detention facilities. In light of the public health restrictions and in order to protect public safety and prevent the spread of the COVID-19 outbreak, the Court declared a judicial emergency under 18 U.S.C. § 3174 and continued or suspended all jury trials, trial-specific deadlines and other criminal proceedings, including sentencings, supervised release revocation hearings, motion hearings, arraignments, plea hearings, misdemeanor bench trials, and all proceedings under Federal Rule of Criminal Procedure 5.1, until November 16, 2020.

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock. *Id*. § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id*. § 3161(h)(7)(A).

Although Chief Judge Orders 18, 24, 27, 30, 33, 34, 40, and 47 address district-wide health concerns and makes Speedy Trial Act findings under § 3161(h)(7)(A), individualized findings are necessary in this case. The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, § 3161(h)(7)(A), "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. *Zedner v. United States*, 547 U.S. 489, 500 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). Moreover, any such failure generally cannot be harmless. Id. at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing.").

Judged by the plain language of the Speedy Trial Act, Chief Judge Orders 18, 24, 27, 30, 33, 34, 40, and 47 require specific supplementation here. Specifically, ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id*.

3

As Chief Judge Orders 18, 24, 27, 30, 33, 34, 40, and 47 reflect, the ends of justice amply justify excludable time here. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (affirming two-week ends-of-justice continuance following Mt. St. Helens' eruption). Here, failure to continue this case will likely make its completion impossible due to public-health risks.

In addition, due to the restrictions imposed by current public-health concerns it is it is also unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within Speedy Trial Act time limits. United States Attorney's Office personnel have been ordered to telework to minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with witnesses, attorneys, and staff, inconsistent with advice from the Centers for Disease Control. In addition, the Bureau of Prisons has strictly limited attorney visits to local detention facilities. Under these unusual and emergent circumstances, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Based on the foregoing, the Court should enter a case-specific order finding excludable time under 18 U.S.C. § 3161(h)(3)(7). If continued, this Court should designate a new trial or hearing date and exclude only the period of time until that date. *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (any pretrial continuance must be "specifically limited in time"). However, nothing in the Court's order should preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

The parties have also exercised due diligence. For reasons above, failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice. Counsel for the Defendants represents that they have discussed the need for this continuance with the Defendants. The Defendants agree to and join in the request for this continuance.

1 The parties therefore jointly move for a continuance and to exclude time under the
2 Speedy Trial Act, 18 U.S.C. § 3161(h)(7) and 18 U.S.C. § 3161(h)(8). The parties agree the
3 period of delay excluded spans from the filing of this joint motion, U.S.C. § 3161(h)(1)(D),
4 until the new date for the motion hearing, that is until January 29, 2021.

DATED: October 19, 2020                     Respectfully submitted,

                                            ROBERT S. BREWER, JR.
                                            United States Attorney

/s/ Michael Littman                         /s/Matthew J. Sutton
Counsel for Douglas Bowen (1)               Assistant United States Attorney

/s/ Robert L. Swain                         /s/ Mario J. Peia
Counsel for Erick Cifuentes (2)             Assistant United States Attorney

/s/ Lupe C. Rodriguez, Jr                   /s/ Kenneth J. Troiano
Counsel for Raya Jaye Kimball (4)           Counsel for Robert Houser (6)

/s/ Jeffery Carver                          /s/ Benjamin B. Kington
Counsel for Justin Scott Baker (7)          Counsel for Emilio Vanegas (9)

/s/ Frederick M. Carroll                    /s/ Jeremy D. Warren
Counsel for Christopher Nobis (10)          Counsel for Maximino Padilla (11)

/s/ Amber Rabon-Luna                        /s/ Carolyn L. Oliver
Counsel for Erika Ramirez (12)              Counsel for David Hopkins (16)

/s/ Carlos C. Ruan                          /s/ Nicholas DePento
Counsel for Matthew Bogan (17)              Counsel for Heather Kieley (23)

/s/ Charles L. Rees
Counsel for Bobby Lee Crisp (25)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  v.<br><br>DOUGLAS BOWEN, et. al.<br><br>  Defendants | Case No.: 19-cr-03627-CAB<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, Matthew J. Sutton, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of this **JOINT MOTION TO CONTINUE MOTION HEARING AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT** on the all parties in the case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 19, 2020.

s/Matthew J. Sutton
MATTHEW J. SUTTON

6